UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILLIE L. HARDIMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00148-JRS-MJD |
| | ) | |
| LARRY J. MCKINNEY, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Dismissing Complaint, Assessing a Strike, and Directing Entry of Final Judgment**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Milan Federal Correctional Institution in Milan, Michigan. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The complaint alleges that District Court Judge Larry J. McKinney failed to appropriately consider the plaintiff's motion pursuant to 28 U.S.C. § 2255 challenging his criminal conviction. He seeks thirty million dollars in damages.

This action **is dismissed as frivolous**. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (holding that a complaint is frivolous under § 1915 "where it lacks an arguable basis either in law or in fact"). It is a well-established principle that judges are immune from civil suits arising out of the exercise of their judicial function. *See Mireles v. Waco*, 502 U.S. 9 (1991). Additionally, judicial immunity applies regardless of whether the judge is accused of acting maliciously or corruptly, as long as it was within his jurisdiction. *See Pierson v. Ray,* 386 U.S. 547, 554 (1967).

Judge McKinney is entitled to immunity for his decisions in the plaintiff's criminal case. Accordingly, the claims in this action are dismissed and final judgment consistent with this entry shall now issue.

## III. Assessment of Strike

Because the complaint has been dismissed as frivolous, the plaintiff is assessed a strike and notified that upon the receipt of three total strikes, he will not be permitted to proceed *in forma pauperis* in future litigation unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Date: 4/10/2019

*[signature: James R. Sweeney]*

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIE L. HARDIMAN
08076-028
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160